**Alvin TURNER et al., and JoAnne Amelia Clayton et al., Appellees,**

v.

**The LITTLETON–LAKE GASTON SCHOOL DISTRICT, a public body corporate of Warren County and Halifax County, North Carolina, Appellant.**

No. 14990.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 7, 1970.

Decided March 23, 1971.

Albert V. Bryan, Circuit Judge, dissented and filed opinion.

Winter, Circuit Judge, concurred specially and filed opinion, see 442 F.2d 588.

Soboloff, Senior Circuit Judge, concurred specially and filed opinion, see 442 F.2d 593.

William S. McLean, Lumberton, N. C. (McLean, Stacy, Henry & McLean, Lumberton, N. C., James H. Limer, Littleton, N. C., Robert Morgan, Atty. Gen. of N. C., and Ralph Moody, Deputy Atty. Gen., on brief) for appellant.

Adam Stein, Charlotte, N. C. (J. LeVonne Chambers, and Chambers, Stein, Ferguson & Lanning, Charlotte, N. C., T. T. Clayton and Frank Ballance, and

Clayton & Ballance, Warrenton, N. C., Conrad O. Pearson, Durham, N. C., Jack Greenberg, James M. Nabrit, III, and Norman Chachkin, New York City, on brief) for appellees.

Before HAYNSWORTH, Chief Judge, and SOBELOFF, BOREMAN, BRYAN, WINTER, CRAVEN and BUTZNER, Circuit Judges sitting en banc.

CRAVEN, Circuit Judge:

This is one of three cases on appeal in which the court below enjoined the carving out of a new school district containing approximately 50 percent white students and 50 percent black students from a county school district containing a substantial majority of black students. In the other two cases, we reversed the district court. United States v. Scotland Neck Board of Education, 442 F.2d 575, Nos. 14,929 and 14,930 (4th Cir. 1971); Wright v. Council of City of Emporia, 442 F.2d 570, No. 14,552 (4th Cir. 1971). In this one, we affirm.

This suit to compel the desegregation of the Warren County school system was begun in 1963. Back then Warren County had assigned all of the white students to six all-white schools, all of the black students to thirteen all-black schools and all of the Indian students to one all-Indian school. During the school years beginning in the fall of 1964, 1965 and 1966, Warren County assigned its students to the various schools through a freedom of choice plan. On May 16, 1967, the district court determined that the freedom of choice plan had failed to materially alter the previously existing racially segregated school system and ordered the Warren County School Board to take affirmative action to eliminate the dual school system. The affirmative action taken by the school board was to assign a handful of black and Indian students to predominantly white schools and assign four teachers across racial lines. On July 31, 1968, the district court found that Warren County was still operating a dual school system and or-dered the school board to file a plan for the elimination of racial segregation. The first two plans were rejected as inadequate. Finally, on December 1, 1968, the school board submitted a third plan providing for geographic attendance zones to take effect with the beginning of the 1969–70 school year. This plan was approved by the district court in July 1969.

Opposition to the school board's third plan arose soon after it was submitted. The opposition resulted in proposals for the creation of separate school districts for the town of Warrenton and the area surrounding the town of Littleton. Bills were introduced to the North Carolina legislature to carve new school districts for these two areas out of the existing Warren County school district. The governing bodies of the two new school districts were denominated the Warrenton City Board of Education and the Littleton-Lake Gaston School District. The Warren County Board of Education approved petitions urging the passage of these bills. The two bills were passed by the North Carolina legislature and ratified as Chapters 578 and 628 of the 1969 North Carolina Session Laws. The residents of both affected areas approved the creation of the new school districts by referendum.

On July 17, 1969, the plaintiffs filed a supplemental complaint seeking a declaratory judgment that Chapters 578 and 628 of the 1969 North Carolina Session Laws were unconstitutional and seeking an injunction against the operation of the two newly created school systems. On August 25, 1969, a temporary injunction against the operation of the two new school districts was issued by the United States District Court for the Eastern District of North Carolina. The injunction was made permanent on May 26, 1970. The Littleton-Lake Gaston School District appealed. The Warrenton City Board of Education has not appealed.

The constitutionality of the legislation creating the Littleton-Lake Gaston

School District depends on whether its primary purpose is to prevent, insofar as is possible, the dismantling of the former dual school system. Wright v. Council of City of Emporia, 442 F.2d 570, No. 14,552 (4th Cir. 1971). Legislatures are assumed to intend the natural and reasonable effect of the legislation they enact. "In a legal sense the object or purpose of legislation is to be determined by its natural and reasonable effect * * *." People ex rel. Parke, Davis & Co. v. Roberts, 171 U.S. 658, 19 S.Ct. 70, 43 L.Ed. 323 (1898).

Looking at effect only, and ignoring the abortive creation of the Warrenton City School district, this case is similar to *Scotland Neck* and *Emporia, supra.* Removing the students who were to attend the Littleton-Lake Gaston School District would alter the racial balance in the remaining Warren County school district by, at most, 5.5 percent, from 28 percent white, 67 percent black and 6 percent Indian, to 21.5 percent white, 72.5 percent black and 6 percent Indian.[1] There would be a substantial majority of black students in the Warren County system whether or not these students were removed. Also, paralleling *Scotland Neck* and *Emporia,* the Littleton-Lake Gaston school officials argued in the district court that the creation of the special school district was designed to remedy long standing financial difficulties and to prevent the imminent elimination of school facilities from the town of Littleton. The town of Littleton lies partly in Warren County and partly in Halifax County. Historically, students from both Warren County and Halifax County attended school in Littleton, although the school was officially part of the Warren County school system. The Warren County Board refused to fund the Littleton school at a level commensurate with other schools in the system

arguing that Halifax County should provide support for the students from Halifax County. The Halifax County Board refused to provide funds for a school run by Warren County. Apparently as a result of this financial dilemma, the physical condition of the school building in Littleton was deteriorating. A report by the North Carolina Division of School Planning in 1965 recommended the eventual abandonment of school facilities presently in use in Littleton. Although the report did not specify where replacement facilities would be erected, the Littleton officials apparently assume that they would not be located in Littleton.

Despite these similarities, we think there are important differences that distinguish this case from *Scotland Neck* and *Emporia.* In both *Scotland Neck* and *Emporia,* the district courts specifically found that there were non-invidious purposes for the creation of the new school districts. The opinion below in this case, signed by the same two district judges who sat in *Scotland Neck,* contains no such findings. In both *Scotland Neck* and *Emporia,* the geographic boundaries of the new school districts are the previously existing boundaries of the two cities. The Littleton-Lake Gaston School District is composed of the town of Littleton, two townships in Warren County and part of a third township in Halifax County. Why U.S. 158 was selected as the southern boundary for the new school district is not satisfactorily explained. New boundary lines are suspect and require close scrutiny to assure that they are not gerrymandered for invidious purposes. Although the financial difficulties of the Littleton school are of long standing and the report recommending the abandonment of the Littleton school facilities predates the creation of the Littleton-Lake Gaston School

1. The appellants and the appellees disagree on the method that should be employed to measure the effect of the removal of the students who were to attend the Littleton-Lake Gaston School District on the racial balance in Warren County. According to the appellants, the effect would have been a change in the racial balance in the remaining Warren County system of no more than 2.6 percent. Our disposition of this case does not require us to resolve this dispute.

District by four years, there were no attempts by the residents of the Littleton area to obtain a separate school district prior to the time that effective integration was imminent as there were in *Scotland Neck*. Unlike *Emporia*, the residents of the Littleton area have not been deprived of their proportionate voice in the governmental affairs of Warren County.

■■ But we need not decide whether these differences alone are sufficient to compel a result different from the disposition of *Scotland Neck* and *Emporia*. In determining the purpose of legislation, it is appropriate to consider not only the effect of the legislation itself, but also the history and setting out of which the legislation arose. See Poindexter v. Louisiana Financial Assistance Commission, 275 F.Supp. 833 (E.D.La.1967), aff'd per curiam, 389 U.S. 571, 88 S.Ct. 693, 19 L.Ed.2d 780 (1968). The adverse reaction and strong opposition to the third desegregation plan submitted by the Warren County Board of Education plainly fueled the creation of the two new school districts, Littleton-Lake Gaston and the Warrenton City Administrative Unit. The two bills creating these school districts were introduced on April 10 and 11, 1969, a day apart, and were ratified three days apart. Both were "local bills" sponsored by representatives to the North Carolina legislature from districts including Warren County. The court below focused, quite properly, on the combined effect of these two bills. The net effect of both bills would have been to reduce the number of white students in the Warrenton County school system from 1,415 (27 percent) to 260 (7 percent)—allowing more than four out of five white students to escape the heavily black schools of Warren County.[2] The finding of the district court that the primary purpose of the legislation was to carve out a refuge for white students and preserve to the extent possible segregated schools in Warren County is supported by substantial evidence, and indeed, is inescapable. Accordingly, we affirm the judgment of the district court enjoining the establishment of the Littleton-Lake Gaston School District.

Affirmed.

ALBERT V. BRYAN, Circuit Judge (dissenting):

For me there is here no warrant for a decision different from the *Scotland Neck* and *Emporia* determinations. This conclusion derives from the majority's exposition of the fact parallel of these cases with the circumstances of *Littleton-Lake Gaston*. The identicalness irresistibly argues a like disposition—reversal of the judgment on appeal.

---

2. These figures include the net effect of transfer plans adopted by both the Littleton-Lake Gaston School District and the Warrenton City Board of Education. In *Scotland Neck* we concluded that the effect of a transfer plan adopted by the Scotland Neck Board of Education had no relevance to the question of the constitutionality of the legislation creating the Scotland Neck school district because there was nothing in the record to suggest that the legislature was aware that Scotland Neck would adopt a transfer plan. In this case, however, such evidence does appear in the record. The school facilities in Warrenton had a capacity of 1,000 to 1,200 students but the Warrenton City Unit contained only 206 resident students. The district court found that Warren County could not accommodate its present students without utilizing the surplus space in Warrenton and that Warrenton could not maintain acceptable educational standards in a 12-grade school system containing only 200 students. Thus, Warrenton could not operate a separate school system without a substantial number of students transferring from the county. In addition, there was direct testimony by State Senator Julian Allsbrook, one of the sponsors of the Littleton-Lake Gaston bill, that there was some discussion of students transferring into the Littleton-Lake Gaston School District while the bill was pending. Volume III, Record on Appeal, Transcript of Hearing at Raleigh, North Carolina, December 17, 1969, at 23, 59.